UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HICKMAN and
JENNIFER CHARTIER, as
survivors of EUGENE CHARTIER,   Case No. 05-70079

    Plaintiffs,   District Judge Lawrence P. Zatkoff

v.   Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____ /

## REPORT AND RECOMMENDATION

Plaintiffs, survivors of decedent Eugene Chartier, filed their Complaint in this Court on January 10, 2005, pursuant to 42 U.S.C. 405(g), challenging "a final administrative decision denying the plaintiff's decedent's claim" for Social Security Disability benefits. *Complaint*, ¶2. On March 14, 2005, Defendant filed a motion to dismiss [Docket #3]. Pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the Complaint be dismissed on two grounds: (1) Plaintiff's failure to prosecute, and (2) lack of subject matter jurisdiction because there has been no final administrative decision.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

In their Complaint, Plaintiffs Michelle Hickman and Jennifer Chartier state that they are the children of Eugene Chartier, who died on April 24, 2004. They claim that the Defendant Commissioner "failed to apply the Social Security Act and Regulations to

-1-

evidence establishing that Eugene Chartier was disabled." *Complaint*, ¶5. They claim that they "stand in the place of Eugene Chartier as eligible to collect the benefits he would have received had Social Security correctly found him disabled." *Id.*, ¶8. Jennifer Chartier claims that she "would also have collected child benefits in her own right through age 18 if Social Security had correctly found Eugene Chartier disabled." *Id.*, ¶9.

On March 14, 2005, Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies.[1] This motion was accompanied by the Declaration of Earnest Baskerville, Chief of Court Case Preparation and Review, Social Security Administration Office of Hearings and Appeals, dated February 18, 2005. Mr. Baskerville states that he is the custodian of the official file maintained by the Office of Hearings and Appeals relating to the claim of Eugene Chartier, and states that the file contains the following information:

> "The hearing decision was issued on August 1, 2001. The claimant timely requested a review of the hearing decision on August 20, 2001, and the Appeals Council remanded the case to an Administrative Law Judge on April 11, 2002. The supplemental hearing was held on December 9, 2003 and the Administrative Law Judge issued a partially favorable decision on March 25, 2004. The claimant requested a review of the hearing decision on April 9, 2004 and subsequently, he died on April 24, 2004, which was during his disability waiting period. In a letter dated September 21, 2004, the claimant's representative requested the withdrawal of the request for review. The survivors were notified of overpayment in October 2004. To date, the Appeals Council has not taken action on the representative's request for withdrawal. The Survivors filed a civil suit on January 10, 2005."

---

[1] Defendants also argue that there has been no final decision by the Commissioner as required by 42 U.S.C. §405(g). As discussed in sec. III, *infra*, this deprives the Court of subject matter jurisdiction.

The Plaintiffs are proceeding *pro se*. On June 24, 2005, the Court entered an order requiring the Plaintiffs to file a response to the Motion to Dismiss, with a brief, on or before July 29, 2005. Plaintiffs did not do so. On November 18, 2005, the Court entered a show cause order directed at the Plaintiffs, stating as follows:

> "On June 24, 2005, this Court entered an order setting a deadline of July 29, 2005 for Plaintiff to respond to Defendant's Motion to Dismiss. However, Plaintiffs have neither filed their response to Defendant's Motion to dismiss nor requested a further extension of time.
>
> Therefore, IT IS ORDERED that Plaintiff show cause in writing, within 14 days of the date of this Order, why the undersigned should not file a Report and Recommendation that this case be dismissed for failure to prosecute."

To date, Plaintiffs have neither filed a responsive pleading nor complied with the Court's Order to Show Cause.

## II.   FAILURE TO PROSECUTE

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Rule 41(b) states, in pertinent part:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

A court may also dismiss a complaint for failure to prosecute on its own motion. *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been

considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). A dismissal for failure to prosecute is a dismissal with prejudice. *Id.*, 370 U.S. at 629; Rule 41(b) (stating that a dismissal under that subdivision "operates as an adjudication upon the merits"). In addition, E.D. Mich. L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

The court's discretion in deciding whether to dismiss a complaint for failure to prosecute is guided by four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In deciding whether to impose "the draconian sanction of dismissal," the first factor–the party's willfulness or bad faith–looms large. *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In addition, a prior warning that failure to comply will result in dismissal is pivotal both to

the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### A. Willfulness or Bad Faith

Willfulness is defined as a "conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the offending party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988).

In this case, the Plaintiffs were ordered in writing to file a response to the Motion to Dismiss by July 29, 2005, but did not do so. Nor did they request an extension or take any action whatsoever. More than four months later, they were given 14 days to respond in writing to a show cause order, and again, they failed to take comply with the order or take any action. It is difficult to characterize the Plaintiffs' disregard of this Court's orders as anything but willful. This first factor therefore weighs heavily against the Plaintiffs.

### B. Prejudice to Defendants

By their deliberate inaction, the Plaintiffs have demonstrated an utter lack of interest in moving this case forward. This is inherently prejudicial to the Defendant, who has an interest in a timely and efficient resolution of the claims against it. The prejudice to the Defendants weighs against the Plaintiff and in favor of dismissing the Complaint.

### C. Prior Warning

In the November 18, 2005 Order to Show Cause, the Plaintiffs were warned in no

uncertain terms that dismissal was in the cards. They have not responded to that order. The pre-dismissal warning should be given substantial weight. *Harris v. Callwood, supra*.

### D. Consideration of Less Drastic Sanctions

When the Plaintiffs failed to file a response to the Motion to Dismiss within the time set forth in the June 24, 2005 Order, and failed to take any action for months afterward, the Court afforded them a second chance by way of the November 18th Order to Show Cause. Indeed, the Court believed that giving the Plaintiffs the opportunity to explain their failure to act was particularly appropriate given that they were proceeding *pro se*. However, it is now clear that the Plaintiffs have effectively abandoned this case. Giving them yet another chance would be futile, and no useful purpose would be served by doing so.

All four of the *Knoll* factors–especially the Plaintiffs' willfulness and the prior warning given to them–weigh strongly in favor of dismissal, and despite being given the opportunity to show cause why the Complaint should not be dismissed, Plaintiffs have offered nothing in the way of explanation or mitigation. Accordingly, I recommend that the Complaint be dismissed with prejudice for failure to prosecute.

### III. SUBJECT MATTER JURISDICTION

Matters arising under Titles II and XVI of the Social Security Act are subject to judicial review under the terms of 42 U.S.C. §405(g), which provides that:

> "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security

may allow." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). An indispensable requirement for judicial review under §405(g) is that there must have been a "final decision of the Commissioner...made after a hearing." In *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court stated that the "final decision" requirement has two elements: (1) exhaustion of administrative remedies prescribed by the Secretary and (2) the claim "shall have been presented to the secretary." *See also, Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The four-step administrative procedure for hearing disputed Social Security Disability claims is set forth at 20 C.F.R. §§ 404.900(a)(1)-(4), and includes (1) an initial determination, (2) reconsideration of the initial determination, (3) hearing before an Administrative Law Judge, and (4) review by the Appeals Council. *See Pohlmeyer v. Secretary of HHS*, 939 F.2d 318, 320 (6th Cir. 1991). In addition, 20 C.F.R. 404.900(a)(5) states that a "final decision" occurs "[w]hen you have completed the steps of the administrative review process," and that "[i]f you are dissatisfied with our final decision, you may request judicial review."

The uncontested Declaration of Mr. Baskerville states that on September 21, 2004, the Plaintiffs wrote a letter to the Appeals Council requesting withdrawal of the request for review. In so doing, they sought to abort the administrative review process, a result which would make their claims unexhausted. Further, Mr. Baskerville states that the Appeals

Council has not taken action on the request for withdrawal, and the record before this Court does not indicated that the request for review itself has been decided. Therefore, there is no "final decision" of the Commissioner which is reviewable by this Court pursuant to §405(g). As a result, the Complaint is subject to dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Accordingly, the Defendant's Motion to Dismiss should be granted.

## IV.   CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff' Complaint with prejudice for failure to prosecute. Alternatively, I recommend that the Defendant's Motion to Dismiss [Docket #3] be GRANTED, and the Complaint dismissed.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages

in length unless by motion and order such page limit is extended by the court. The response-shall address specifically, and in the same order raised, each issue contained within the objections.

                                          S/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated:  January 3, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 3, 2006.

                                          s/Gina Wilson
                                          Judicial Assistant